IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

*******************************
UNITED STATES OF AMERICA,                         Case No. 8:20-CR-118 (DNH)

    v.

DEAN BROOKS,                                      GOVERNMENT'S SENTENCING
                               Defendant.                MEMORANDUM
**********************************

      The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting, for the reasons set forth below, that the Court sentence the defendant to a low end of the guideline sentence, with a term of lifetime supervised release.

I

INTRODUCTION

      On May 13, 2020, the defendant entered a guilty plea to counts One and Two of the Information, which charged him with receipt and possession of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The defendant is scheduled to be sentenced on December 9, 2020 in Utica, New York.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1) **Statutory Sentencing Provisions**

      The defendant is punishable as follows on Count One: imprisonment of at least five years and up to twenty years (18 U.S.C. § 2252A(b)(1)); fine of up to $250,000 (18 U.S.C. § 3571(b)); and supervised release of at least five years and up to life (18 U.S.C. § 3583(k)).

1

The defendant is punishable as follows on Count Two: imprisonment of up to twenty years (18 U.S.C. § 2252A(b)(2)); fine of up to $250,000 (18 U.S.C. § 3571(b)); and supervised release of at least five years and up to life (18 U.S.C. § 3583(k)).

2) **Forfeiture**

In addition to the above, the defendant shall forfeit to the United States all of his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation of the Indictment, pursuant to 18 U.S.C. § 2253. These items include:

    a. One LG V10 H900 cellular telephone, manufactured in South Korea; and

    b. One LG V20 H910 cellular telephone, manufactured in South Korea.

3) **Restitution**

To the extent that the victims depicted in the image and video files involved in the defendant's offenses may request restitution, they are entitled to recover from him "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," which shall be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role." *Paroline v. United States*, __U.S.__, 134. S.Ct. 1710, 1727 (2014). Moreover, pursuant to his plea agreement, the defendant consented to restitution pursuant to 18 U.S.C. § 2259(b). To date no claims have been submitted.

4) **Special Assessments**

For Counts 1 and 2 a special assessment of $100 is mandatory, for a total of $200. 18 U.S.C. § 3013. The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015. In addition to the assessment imposed under § 3013, unless the court finds the defendant to be indigent, the defendant shall pay an additional assessment of $5,000

pursuant to 18 U.S.C. § 3014(a). This assessment is payable only after the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which this assessment is based.  18 U.S.C. § 3014(b).

   5)  **Guidelines Provisions**

        a.  **Offense Level Computation**

According to the presentence report, the defendant's Total Offense Level is 36.  PSR ¶ 53.  The government agrees with the Probation Office's determination of the defendant's Total Offense Level.

        b.  **Criminal History Category**

According to the presentence report, the defendant's criminal history category is I.  PSR ¶ 57.  The government agrees with the Probation Office's determination of the defendant's criminal history category.

        c.  **Offense Level/Guidelines Calculation**

The Government has no objection to the offense level calculations in the PSR, resulting in a total offense level of 36, a Criminal History Category of I and a Guidelines range of 188-235 months.  PSR ¶ 91.

        d.  **Supervised Release**

U.S.S.G. §5D1.2(b) (Policy Statement) recommends the statutory maximum term of supervised release should be imposed when the offense of conviction is a sex offense.  Here, the defendant's offense of conviction is a sex offense as it is one perpetrated against a minor under chapter 110 of Title 18, and the maximum and recommended term of supervised release is, accordingly, life.  U.S.S.G. §5D1.2, App. Note 1; 18 U.S.C. §3583(k), PSR ¶ 97.

e.  Fine

The Government agrees with the conclusion set forth in the PSR that the defendant does not appear to have the ability to pay a fine or additional special assessment.  PSR ¶ 89.

## III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, including the information set forth in detail in the PSR and Plea Agreement a sentence of 188 months imprisonment and lifetime supervised release is sufficient, and not greater than necessary to meet the goals of sentencing and adequately addresses the factors set forth in 18 U.S.C. § 3553(a).

As set forth in the PSR, and in part in the plea agreement at paragraphs 5(b)-5(f) the defendant has admitted to the sexual exploitation of a minor in this matter.  PSR ¶20. This takes him out of the realm of a typical collector of child pornography who merely trades or otherwise amasses his collection.  In this case, the defendant engaged in a series of e-mail exchanges with a 14 year-old female victim over the course of 2 weeks and during those exchanges the defendant solicited and received 7 sexual images from the victim.  PSR ¶11 and 20.  A subsequent federal search warrant executed at the defendant's home, recovered the 7 images sent from the victim. PSR ¶21.  The search warrant also recovered 9 additional images of internet child pornography including a female child under the age of 10 being vaginally penetrated by an adult male penis. PSR ¶22.

The defendant may argue for a non-guideline sentence noting that the defendant engaged in this conduct over a relatively brief period of time (two weeks) and had amassed a fairly minimal child pornography collection.  While it is true that the conduct only took place over a brief period of time that should not minimize the harm it inflicted on the child.  Furthermore, the fact that the

defendant chose to keep the images of the child long after they were sent to him (almost a year) knowing that they were of a 14-year-old child demonstrates his continued interest in them. His possession of similar images that he acquired from the internet also shows that he has a demonstrated sexual interest in children. As a result, it is the government's position that the defendant's conduct in both producing and acquiring child pornography warrants a low end of the guideline sentence of 188 months followed by a lifetime term of supervised release.

    Respectfully submitted this 23rd day of November, 2020

                                  ANTOINETTE T. BACON
                                  Acting United States Attorney

     By:      */s/ Geoffrey J. L. Brown*
                                  Geoffrey J. L. Brown
                                  Assistant United States Attorney
                                  Bar Roll No. 513495